13 P.3d 240 (2000)
103 Wash.App. 542
Kyla DWYER and Jim Dwyer, husband and wife, on behalf of themselves, and on behalf of the Class, Appellants,
v.
J.I. KISLAK MORTGAGE CORPORATION, a Florida corporation, Respondents.
No. 44969-9-I.
Court of Appeals of Washington, Division 1.
November 27, 2000.
*241 Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, John Bright, Keller Rohrback LLP, Seattle, for Appellants.
Henry C. Jameson, Deborah L. Best, Jameson, Babbitt, Stites & Lombard, PLLC, Seattle, Mark G. Schroeder, Briggs and Morgan, Saint Paul, MN, for Respondents.
BAKER, J.
Kyla and Jim Dwyer appeal dismissal of their Consumer Protection Act (CPA) claim against J.I. Kislak Mortgage Corporation. The Dwyers allege that Kislak's written mortgage payoff statements are deceptively arranged so as to lead borrowers to mistakenly believe that payment of miscellaneous service charges is required before the mortgage will be released. Because the statement lists these fees as part of the mortgage balance due, it is deceptive under the CPA and we therefore reverse.

I
Kyla and Jim Dwyer purchased a home, financed through J.I. Kislak Mortgage Corporation. Kislak secured the loan by a deed of trust which provided that upon payment of all principal, interest, and late charges, if any, Kislak would reconvey the deed of trust without charge to the Dwyers except for recording costs.
After several years, the Dwyers decided to refinance their home through another lender, prepaying their original loan in the process. In preparation for closing, the escrow agent thrice requested on behalf of the Dwyers that Kislak fax it a mortgage payoff statement. Each time, the agent offered to pay any fax fees Kislak required. Kislak obliged and presented a payoff statement which read at the top, "This statement reflects the amount needed to prepay this mortgage in full...." Kislak then listed the amounts due as follows:

Unpaid Principal...................28,708.73
Interest Due ........................ 440.73
(From 2/01/94 at 9.500%)
Late Charges of....................... 13.06
Deferred Late Charges................ 152.34
Recording Fee......................... 24.00
Misc Service Chgs..................... 50.00
 _________
Balance Due....................... 29,388.86
By 3/31/94

*242 The bottom of the statement prominently stated that the charge for a fax was $25. It also stated that the mortgagor could receive one free statement per year, each additional statement costing $10.
Without protest or comment, the Dwyers paid the balance due as stated, Kislak reconveyed the deed, and the new loan closed. The Dwyers then filed an action against Kislak for breach of contract, unjust enrichment, and violation of the Washington Consumer Protection Act. Inter alia, the complaint alleged that Kislak's payoff statement was deceptive because a reasonable consumer would believe that Kislak would not release the mortgage without payment of the miscellaneous service charges included in the stated balance due. In fact, refusing to reconvey the deed of trust until payment of the unsecured fees would violate the terms of the deed. The Dwyers, individually and on behalf of a certified class, requested injunctive relief, damages, and attorney fees and costs.
After successfully moving to dismiss the breach of contract and unjust enrichment claims, Kislak filed a motion for summary judgment on the CPA claim arguing that the fact that it charges a fully disclosed fax fee is not deceptive or unfair. The trial court agreed and entered summary judgment in Kislak's favor. The Dwyers appeal.

II
We review an order on motion for summary judgment de novo and engage in the same inquiry as the trial court.[1] Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2]
The sole question before us is whether Kislak's practice of including "Misc Service Chgs" along with secured sums due on its mortgage payoff statement "Balance Due" violates Washington's Consumer Protection Act because it has the capacity to deceive consumers into believing that Kislak will not release their mortgages unless they pay the fee.[3] Washington's Consumer Protection Act prohibits those in trade or commerce from engaging in unfair or deceptive practices in the course of business with consumers.[4] Persons injured in their business or property in violation of the CPA may bring a civil action to recover their actual damages sustained.[5] Whether an act gives rise to a CPA violation is reviewed as a question of law.[6] To prevail on a CPA claim, a plaintiff must prove each of the following five elements: (1) that the defendant engaged in an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that affects the public interest, and (4) causes injury (5) to plaintiff in his or her business or property.[7] Only the first element is at issue here.
This is a case of first impression in Washington. Cases from other jurisdictions are generally not helpful in resolving the issue, but we are guided by ample Washington authority construing the CPA in other contexts.[8] For example, although the Act *243 does not define the term "deceptive," a practice is unfair or deceptive if it has the capacity to deceive a substantial portion of the public.[9] The purpose of the capacity-to-deceive test is to deter deceptive conduct before injury occurs.[10] Neither intent to deceive nor actual deception is required.[11]
A plain reading of Kislak's statement considered in light of its purpose reveals its capacity to deceive a substantial portion of the public. The Dwyers requested the statement to learn the sums due to obtain a release of their mortgage. It is reasonable to assume that Kislak's response would include only those charges actually required to release the mortgage, or if other fees appeared, that they would be specifically identified as extraneous charges that need not be paid in order to obtain a release of the prior lien.
The document Kislak provided is entitled, "Payoff Statement" and the balance due is headed by a paragraph which begins, "This statement reflects the amount needed to prepay this mortgage in full." Taken at face value, a reasonable consumer could believe that declaration to mean that unless all sums included on the statement are paid, Kislak will not release the mortgage. Moreover, under the statement of account section, the "Misc Service Chgs," which the parties agree are fax fees, are listed in the same column as charges secured by the deed of trust (i.e., principal, interest, late charges, and recording fee). The amount of the "Misc Service Chgs" is then included in the total sum due to pay the mortgage in full. Including non-secured fees with secured obligations has the capacity to deceive reasonable consumers into believing that they must pay the fees before Kislak will release the mortgage.
The Washington Legislature passed the Consumer Protections Act for a laudable purpose: to protect Washington citizens from unfair and deceptive trade and commercial practices.[12] "To this end, this act [should] be liberally construed that its beneficial purposes may be served."[13] Our holding protects Washington citizens by ensuring that they are clearly and accurately informed about the nature and extent of their obligations to Kislak.
In reaching this conclusion, we have taken care not to improperly interfere with Kislak's right to conduct its business. The CPA should not be construed to prohibit practices reasonably related to the development and preservation of business, or which are not injurious to the public interest.[14] In determining if an act should be deemed a violation, we must weigh public interest against a business's right to conduct its trade.[15] Our holding does not infringe on Kislak's right to charge a fax fee. It merely forecloses the ability to do so in a deceptive manner.

III
The Dwyers seek attorney fees and costs on appeal. RCW 19.86.090 entitles a successful litigant to attorney fees and costs. Fees are also recoverable on appeal.[16] We remand to the trial court to award the *244 Dwyers their reasonable attorney fees and costs on appeal.
Finally, we impose sanctions against counsel for Kislak in the sum of $500, because counsel cited and discussed at length in their appellate brief an unpublished opinion of this court in direct violation of RAP 10.4(h). We are aware of the scholarly opinion of the Eighth Circuit holding unconstitutional its court rule prohibiting citation to unpublished authority.[17] The court strongly criticized rules like RAP 10.4(h), reasoning that they have a denigrating effect on the doctrine of precedent. Ironically, it is that doctrine of precedent on which we rely in imposing sanctions and which we are loathe to ignore. RCW 2.06.040 prohibits our publication of cases lacking precedential value and our case law holds that such cases do not become part of the common law of our state.[18] Counsel for Kislak shall direct its payment to the clerk of this court.
REVERSED.
COLEMAN, J., and WEBSTER, J., concur.
NOTES
[1] Simpson Tacoma Kraft Co. v. Dep't of Ecology, 119 Wash.2d 640, 646, 835 P.2d 1030 (1992).
[2] CR 56(c); Hontz v. State, 105 Wash.2d 302, 311, 714 P.2d 1176 (1986).
[3] The Dwyers concede Kislak's argument that the actual charge of a fully disclosed fax fee is not misleading.
[4] RCW 19.86.020.
[5] RCW 19.86.090.
[6] Leingang v. Pierce County Med. Bureau, Inc., 131 Wash.2d 133, 150, 930 P.2d 288 (1997); see also Sing v. John L. Scott, Inc., 134 Wash.2d 24, 30, 948 P.2d 816 (1997).
[7] Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 780, 719 P.2d 531 (1986).
[8] Rumford v. Countrywide Funding Corp., 287 Ill.App.3d 330, 222 Ill.Dec. 757, 678 N.E.2d 369 (1997) (issue of fact existed as to whether "prepayment penalty/other" fees on mortgage payoff statement were fax fees); Krause v. GE Capital Mortg. Service, Inc., 314 Ill.App.3d 376, 246 Ill. Dec. 774, 731 N.E.2d 302, (2000) (actual charge of fully disclosed fax fee upon mortgage prepayment is not deceptive); Cappellini v. Mellon Mortg. Co., 991 F.Supp. 31 (D.Mass.1997) (breach of contract claim regarding payment of fax fees upon mortgage prepayment); Miller v. Superior Bank, FSB, No. 97 C 5982, 1998 WL 719614 (N.D.Ill. Oct. 8, 1998) (payoff statement including fax fees not deceptive under Illinois law). But see Krause, 246 Ill.Dec. 774, 731 N.E.2d at 311. (Illinois law requires showing of intent to deceive); Colangelo v. Norwest Mortg. Inc., 598 N.W.2d 14 (Minn.App.Ct.1999) (statements not deceptive where fax fees were listed separately from principal and interest charges and where plaintiff had not paid fee, but Norwest had released mortgage anyway); Westfall v. Chase Lincoln First Bank, N.A., 258 A.D.2d 299, 685 N.Y.S.2d 181 (1999) (charge of fax fee is not misleading). But see Negrin v. Norwest Mortg., Inc., 263 A.D.2d 39, 700 N.Y.S.2d 184 (1999) (charge of fax fee is misleading).
[9] Nelson v. Nat'l Fund Raising Consultants, Inc., 120 Wash.2d 382, 392, 842 P.2d 473 (1992).
[10] Hangman, 105 Wash.2d at 785, 719 P.2d 531.
[11] Aubrey's R.V. Ctr., Inc. v. Tandy Corp., 46 Wash.App. 595, 609, 731 P.2d 1124 (1987); Nelson, 120 Wash.2d at 392, 842 P.2d 473.
[12] In re Charter First Mortgage, 42 B.R. 380, 382, 12 Bankr.Ct.Dec. 246 (Bankr.D.Or.1984).
[13] RCW 19.86.920.
[14] RCW 19.86.920.
[15] Cox v. Lewiston Grain Growers, Inc., 86 Wash. App. 357, 374, 936 P.2d 1191 (1997).
[16] Schmidt v. Cornerstone Investments, Inc., 115 Wash.2d 148, 170, 795 P.2d 1143 (1990).
[17] Anastasoff v. United States, 223 F.3d 898 (8th Cir.2000).
[18] State v. Fitzpatrick, 5 Wash.App. 661, 668, 491 P.2d 262 (1971).