Joseph **BEYER**, on behalf of himself and others similarly situated, Plaintiff–Appellant,

v.

**COUNTRYWIDE HOME LOANS SERVICING LP**; Countrywide Home Loans, Inc., Defendants–Appellees.

No. 08–35725.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 6, 2009.*

Filed Oct. 8, 2009.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jason H. Kim, Paul D. Alston, Esquire, Alston Hunt Floyd & ING, Bruce H. Wakuzawa, Honolulu, HI, Stephen K. Strong, Esquire, Bendich Stobaugh & Strong, P.C., Murray T.S. Lewis, Lewis Law Firm, Seattle, WA, for Plaintiff–Appellant.

Brooks Russell Brown, Goodwin Procter LLP, Los Angeles, CA, John S. Devlin, III, Esquire, Lane Powell, PC, Seattle, WA, Thomas Hefferon, Jeffrey David Skinner, Goodwin Procter, LLP, Washington, DC, Shirley S. Paley, Esquire, Goodwin Procter, LLP, Boston, MA, for Defendants–Appellees.

Appeal from the United States District Court for the Western District of Washington, Marsha J. Pechman, District Judge, Presiding.   D.C. No. 2:07–cv–0152–MJP.

Before:  D.W. NELSON, SILVERMAN, and IKUTA, Circuit Judges.

## MEMORANDUM **

We affirm the district court. Countrywide's inclusion of the expedited payoff service fee in the loan payoff demand statement was not deceptive within the meaning of the Washington Consumer Protection Act ("CPA"), Rev.Code. Wash. § 19.86.010, *et seq.*, because the payoff demand statement twice unambiguously disclosed that payment of the payoff service fee was not required to release the mortgage lien. *Cf. Dwyer v. J.I. Kislak Mortgage Corp.*, 103 Wash.App. 542, 13 P.3d 240, 243 (2000).

The expedited payoff service was voluntary and extraneous to the mortgage. Beyer nowhere alleged in his complaint that obtaining an expedited written payoff statement was requisite to every Countrywide loan transaction.   Therefore, the expedited payoff statement is not part of the "true price" of the mortgage, and failure to disclose the payoff service fee at the time of the original loan transaction was not deceptive. *See Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wash.App. 104, 22 P.3d 818, 824 (2001).

Even assuming the district court erred in dismissing Beyer's claim alleging

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Countrywide mislabeled the payoff service fee as an "expedited" service, *see Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986); *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995), this error was harmless. Beyer could not have stated a claim on this issue because the payoff statement was faxed and accompanied by automatic updates, and thus the label "expedited" was not misleading. *See Dwyer,* 13 P.3d at 243 (defining "deceptive").

Beyer's complaint did not allege that Countrywide affirmatively misrepresented its refund policy, and it was not deceptive for Countrywide to provide this customer service accommodation only in response to complaints. *Cf. Commonwealth ex rel. Zimmerman v. Nickel,* 26 Pa. D. & C.3d 115, 127 (Pa.Com.Pl.1983). Beyer failed to state a claim that the refund policy and the notice provision from the Deed of Trust work in tandem to moot class actions, because these business practices do not prevent plaintiffs who choose to bring suit from doing so, and it is not against public policy to resolve disputes before an action is brought. *Cf. Lowden v. T–Mobile USA, Inc.,* 512 F.3d 1213, 1219 (9th Cir.2008); *Dix v. ICT Group, Inc.,* 160 Wash.2d 826, 161 P.3d 1016, 1022 (2007); *Scott v. Cingular Wireless,* 160 Wash.2d 843, 161 P.3d 1000, 1006 (2007).

**AFFIRMED.**