**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN RIENSCHE, individually and on behalf of all the members of the class of persons similarly situated, | No. 09-35987 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01325-TSZ |
| v. | |
| CINGULAR WIRELESS, LLC, a Delaware limited liability company doing business as Cingular Wireless; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| JARED PECK, | No. 09-36113 |
| Plaintiff, | D.C. No. 2:09-cv-00106-TSZ |
| and | |
| JAMES BOWDEN, a Washington resident, individually and on behalf of all the members of the class of persons similarly situated, | MEMORANDUM[*] |
| Plaintiff - Appellant, | |
| v. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

AT&T MOBILITY, LLC, a Delaware limited liability company doing business as Cingular Wireless, AKA Cingular Wireless, LLC; et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted May 7, 2012[**]
Seattle, Washington

Before: FISHER, N.R. SMITH, and MURGUIA, Circuit Judges.

Plaintiffs Riensche and Bowden (hereinafter referred to collectively as "Plaintiffs") are named plaintiffs in separate putative class action lawsuits, which were combined for this appeal. Plaintiffs appeal the district court's grant of summary judgment in favor of Cingular Wireless, LLC ("Cingular"). We certified to the Washington Supreme Court the question of whether Section 82.04.500 of the Washington Revised Code allows a seller to recoup its business and occupation

---

[**] Case No. 09-35987 was argued and submitted on July 13, 2010. On July 19, 2010, it was withdrawn from submission, pending final submission of briefing in Case No. 09-36113. The panel unanimously concluded Case No. 09-36113 was suitable for decision without oral argument, *see* Fed. R. App. P. 34(a)(2), and both cases were ordered submitted as of May 7, 2012.

("B&O") tax by collecting a surcharge from consumers in addition to the monthly service fee. The Washington Supreme Court accepted the question and held that a business was not allowed to pass along the tax as a separate surcharge in addition to the sales price; any taxes must be incorporated into the final sales price. In the consolidated appeal before us, Cingular now argues that the Washington Supreme Court's decision is preempted by federal law, and even if it is not, that Plaintiffs have no remedy for Cingular's violation of Section 82.04.500. We have jurisdiction under 28 U.S.C. § 1291. Based on the Washington Supreme Court's decision, we reverse the ruling of the district court.

1. Section 82.04.500 of Washington's Revised Code is not preempted by Section 332(c)(3)(A) of the Federal Communications Act (FCA). Section 332(c)(3)(A) of the FCA states that "no State or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service[.]" 47 U.S.C. § 332(c)(3)(A). However, this restraint "shall not prohibit a State from regulating the other terms and conditions of commercial mobile services." *Id.* In *Peck v. Cingular Wireless, LLC*, 535 F.3d 1053, 1057-58 (9th Cir. 2008), we held that Section 82.04.500 of Washington's Revised Code regulates an other term or condition rather than a rate because it "simply structures the contract's negotiation and disclosure, mandating that

3

businesses quote all prices inclusive of Washington's B & O Tax." That result

governs this case. Because Section 82.04.500 of Washington's Revised Code

regulates an other term and condition, it is not preempted under the FCA.

2. Plaintiffs are entitled to recover under Washington's Consumer

Protection Act (CPA). The CPA allows a consumer to recover in a private right of

action if the party can show that a business has: 1) engaged in an unfair or

deceptive act or practice; 2) in trade or commerce; 3) involving a public interest; 4)

causing injury to the plaintiff, plaintiff's business, or plaintiff's property; and 5) a

causal link exists between the unfair or deceptive practice and the plaintiff's injury.

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10,

17 (Wash. 2007) (en banc). The only two prongs disputed in this appeal are the

first and last.

To prove an unfair or deceptive act under the CPA, "[n]either intent to

deceive nor actual deception is required." *Dwyer v. J.I. Kislak Mortg. Corp.*, 13

P.3d 240, 243 (Wash. Ct. App. 2000). Instead, the act "need only have 'the

*capacity* to deceive a substantial portion of the public.'" *Indoor*

*Billboard/Washington, Inc.*, 170 P.3d at 18 (citing *Hangman Ridge Training*

*Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (1986) (en banc)). The

presence of Cingular's line-item surcharge on customer bills had the capacity to

4

deceive a substantial portion of the public into thinking that the surcharge was legally permissible or even mandated by the government. *See id.* at 19 ("The use of the term PICC had the capacity to deceive a substantial portion of the public into thinking the surcharge was FCC regulated and required.").

Causation is also met in this case. But for Cingular's line-item surcharge, Plaintiffs would not have paid the additional amount covering the B&O tax. Thus, causation is satisfied. *See Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 902 (Wash. 2009) (en banc). Because we find that Plaintiffs have demonstrated an unfair or deceptive act or practice and causation as a matter of law, we **REVERSE** and **REMAND** this claim to the district court for further proceedings consistent with this order.[1]

3. We decline Plaintiffs' request to remand the case to state court because we find that the notice of removal was timely filed within thirty days of the filing of the amended complaint, which is the date Cingular could have first ascertained that the case had become removable. *See* 28 U.S.C. § 1446(b)(3).

---

[1] As an alternative to recovering damages under the CPA, Plaintiffs argue they are entitled to relief under an implied right of action, the doctrine of unjust enrichment, or Washington's Uniform Declaratory Judgment Act. Bowden Supp. Br. 2; Riensche Supp. Br. 2. Because we reverse on Plaintiffs' CPA claim, we do not address these other arguments.

4.  We also decline to reassign the case on remand to a different district judge, because Plaintiffs have not shown that Judge Zilly would have substantial difficulty in setting aside previously-expressed views found to be erroneous. *See Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 372 (9th Cir. 2005).  Moreover, reassignment is not necessary to preserve the interest of justice, and reassignment would entail a substantial waste of judicial resources. *See id.* at 372-73.

**REVERSED AND REMANDED.**